COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| STEPHEN MARK LENZ, | § | No. 08-23-00284-CR |
| Appellant, | § | Appeal from the |
| v. | § | 25th Judicial District Court |
| | § | of Guadalupe County, Texas |
| THE STATE OF TEXAS, | § | (TC#18-1340-CR-C) |
| Appellee. | | |

## MEMORANDUM OPINION

Stephen Mark Lenz appeals a trial court's judgment revoking his community supervision, adjudicating him guilty of eleven counts of theft, and sentencing him to ten years confinement.[1] Tex. Penal Code Ann. § 31.03(5)(A) (theft of cattle, horses, or exotic livestock).

## FRIVOLOUS APPEAL

Lenz's court-appointed appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citation to the record and legal authority, counsel's brief contains a professional evaluation of the record, explains why no arguable points of error exist for

---

[1] This case was transferred from the Fourth Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

review, and concludes that this appeal is frivolous and without merit. *Id.* 744–45. In accordance with *Anders*, counsel has moved to withdraw and certified to this Court that he has provided copies of the motion and *Anders* brief to Lenz, advised Lenz of his right to examine the appellate record and file a pro se response, notified Lenz of his right to seek discretionary review should this Court find his appeal frivolous, provided a motion to assist Lenz in obtaining the record, and supplied Lenz with this Court's mailing address. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Anders*, 386 U.S. at 744.

On February 13, 2024, Lenz filed a pro se motion to access the appellate record, which this Court granted on February 16, 2024. On April 10, 2024, Lenz filed his pro se response, which consists of handwritten notations interlined on a copy of the *Anders* brief filed by his appointed counsel.[2] A reviewing court has two choices when faced with both an *Anders* brief and a pro se brief. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). An appellate court may determine either: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversable error[,]"; or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We have carefully reviewed the record, counsel's brief, and Lenz's pro se brief. We agree with counsel's professional assessment that this appeal is frivolous and without merit.

Although not an arguable issue on appeal, counsel's *Anders* brief identifies an error in the trial court's judgment and asks us to modify the judgment to correct the error. Specifically, the judgment adjudicating guilt states that Lenz pleaded "true" to the allegations in the State's

---

[2] This Court has considered Lenz's response in our review of the record. The matters raised relate to (1) his original case and plea bargain, (2) to evidence not presented at the revocation hearing, or (3) to his relationship with his present appellate counsel. None of those matters are properly before this Court and are more appropriate matters, if at all, in a post-conviction habeas proceeding.

2

amended motion to adjudicate. The record supports that Lenz pleaded "not true" at the hearing on the motion to adjudicate. A court of appeals may correct and modify the judgment of a trial court to correct an error in the judgment. *See* Tex. R. App. P. 43.2(b) (allowing a court of appeals to modify the trial court's judgment and affirm it as modified); *see also Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc) (courts of appeals have the authority to modify a judgment). Accordingly, we modify the judgment to reflect that Lenz pleaded "not true" to the State's allegations. We grant appellate counsel's motion to withdraw.

## FURTHER REVIEW

No substitute counsel will be appointed. Either through a retained attorney or by representing himself, Lenz may ask the Texas Court of Criminal Appeals to review his case by filing a petition for discretionary review. The petition must be filed with the clerk of the Texas Court of Criminal Appeals within 30 days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* Tex. R. App. P. 68.2, 68.3(a). The petition must also comply with Rule 68.4. *See* Tex. R. App. P. 68.4.

## CONCLUSION

As modified, we affirm the judgment of the trial court, Tex. R. App. P. 43.2(b), and grant counsel's motion to withdraw.

JEFF ALLEY, Chief Justice

April 30, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)

3